**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOCSELI CARMONA SERRANO, ET AL<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 18-71551<br><br>Agency Nos. A209-165-715<br>A209-165-716<br>A209-165-717<br>A209-165-718<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Yocseli Carmona Serrano, on behalf of herself and her three children, all natives and citizens of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an immigration judge's denial of their applications for asylum and withholding of removal. We review the agency's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

factual findings for substantial evidence and review questions of law de novo. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the BIA's denial of asylum. Carmona's claim stems from a death threat and two incidents of extortion and kidnapping—one in 2012 and the other in 2016. In 2012, after her family stopped paying unknown gang members a quota, the gang murdered her cousin. By 2016, Carmona's in-laws—who worked in a market as merchants—resumed paying the quota. In 2016, unknown men—allegedly gang members—kidnapped Carmona and her husband and threatened to kill them if they did not pay a ransom. Carmona's mother paid the ransom, and the gang released Carmona in March 2016 while holding her husband for three more months. No one reported the incidents to the police. Several months later, Carmona left for the United States with her three children, fearing for their lives.

Carmona identifies her family as her proposed particular social group, so she must establish that her familial relation "was or will be at least one central reason for" her persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Carmona must establish that her persecutors "would not have harmed [her] if that motive did not exist." *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009).

Carmona presented no evidence that her kidnappers targeted her based on

family membership. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021) (finding no nexus between gang violence and petitioner's family membership without evidence). The gang members said nothing about kidnapping Carmona because of her family, and both sides of her family were extorted. And it's unclear whether Carmona's family identity or extorting individuals with income was a motivating factor. *See Parussimova*, 555 F.3d at 742. Despite Carmona's fear of gang violence in Mexico, a "desire to be free from . . . random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because Carmona failed to establish a nexus between her alleged persecution and her proposed particular social group of family, the record does not compel reversal of the BIA. Substantial evidence supports the BIA's finding that Carmona failed to establish a sufficient nexus.

2. Because "[a] failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation," Carmona's withholding claim fails. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).[1]

**PETITION DENIED.**

---

[1] Carmona raised a new due process argument for the first time on appeal. Since we consider only the grounds relied upon by the BIA, it falls outside the scope of our review. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).